UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV111-EHJ

VICKY L. ROBINSON                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                      DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Vicky Robinson ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be vacated and the matter remanded for further proceedings.

### PROCEDURAL HISTORY

On December 19, 2003, Claimant filed application for Disability Insurance Benefits, alleging that she became disabled as of January1, 2002. After a hearing, Administrative Law Judge Kayser ("ALJ") determined that her carpal tunnel syndrome, asthma, depression, and colitis were severe impairments that prevented her from performing her past relevant work as a certified nursing assistant. However, the ALJ further found that she retained the residual functional capacity to perform a significant number of jobs at the light exertional level. This became the final decision of the defendant Commissioner when the Appeals Council denied review on January 5, 2007 .

### STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to give the appropriate weight to the opinion of a treating physician. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

Dr. Nash, who had treated Ms. Robinson for her right wrist problems for six years at the time he offered his opinion, stated on May 8, 2001 that his patient had "basically reached her maximum medical improvement" and that because of the continued pain in her hand, he recommended "continued off work indefinitely." Tr. 324. The ALJ stated only that "More weight is given to Dr. Shivakumar's assessment than that of Dr. Nash, as it is more consistent with the x-rays." Tr. 23. Dr. Shivakumar was a consultant who examined Ms. Robinson on one occasion in March of 2004. His comments regarding her right wrist problem were these: "She still has residual symptoms of

2

carpal tunnel bilaterally with mild weaker grip on the right side; however, with adequate continued medical or surgical treatment, the symptomatology should improve to a certain extent, probably." Tr. 449.

Because of differences between the limitations found by the ALJ and the limitations described by Dr. Shivakumar, there is a genuine question as to whether Dr. Shivakumar's opinion will bear the reliance the ALJ attempts to place on it. However, we need not reach this issue. We will assume, for the sake of argument, that there is a direct collision of opinion between two physicians, with one believing she had reached maximum medical improvement and the other believing she would improve "to a certain extent, probably." This is precisely the type of circumstance that justifies the rule that more weight is given to the opinion of the treating physician than to a one-time consultant: One who has followed the patient over a long period of time, has seen her ups and downs, has observed her response and lack of response to treatment, is clearly in a superior position to know the likelihood of further improvement. Without more justification, it was plainly error for the ALJ to completely disregard the opinion of the treating physician and to accept instead the opinion of a physician who had examined the claimant only once.

Dr. Tran, Ms. Robinson's primary care physician, opined on February 24, 2006, that her pain would frequently interfere with concentration and attention, that she should sit for no more than four hours in a day and stand/walk for no more than two hours in a day, and that she could occasionally lift ten pounds. Tr. 593. The ALJ noted this functional capacity evaluation, but gave it little weight on grounds that his own treatment notes contradict the residual functional capacity opinion. Unfortunately, the ALJ provides no guidance whatsoever with regard to what treatment notes were being referenced, or how they contradicted the RFC. Such a conclusory statement cannot be said

3

to comply with the requirement that the ALJ state clear reasons for rejecting or limiting the weight given a treating physician's opinion.

A third physician, Dr. Kensicki, diagnosed Ms. Robinson as suffering from major depression. He assigned a GAF score of 50. Tr. 467. According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"), Axis V's "Global Assessment of Functioning" scale considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." DSM-IV at 32. The range 41-50 is described as appropriate for "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." While this Court has in the past cautioned against attempting to use GAF ratings alone as a demonstration of functional ability, neither this Court nor the United States Court of Appeals for the Sixth Circuit has suggested that GAF scores may be completely disregarded.

In determining that Ms. Robinson's depression imposed little functional limitation, the ALJ stated that he was relying on the opinion of the state agency consultant. After examining claimant, Dr. Kensicki found she had serious impairment of functioning. Tr. 467. The consultant opined that Ms. Robinson had only moderate limitations. Tr. 498. What is interesting is that not only did the consultant never treat or examine Ms. Robinson, but she relied for her opinion solely on Dr. Kensicki's examination notes. Tr. 500. While Dr. Kensicki's contact with Ms. Robinson was not of a duration to suggest a treating physician relationship, it would have been helpful if the ALJ had explained the basis for adopting the consultant's view of Dr. Kensicki's notes rather than Dr. Kensicki's view of his notes.

This Court is also unaware of any authority to support an ALJ's decision to substitute his own judgment for that of an examining psychiatrist. Yet in rejecting the limitations suggested by Dr. Kensicki, the ALJ stated, "She demonstrated no abnormal social behavior during the hearing and was able to understand and follow the hearing proceedings and all lines of questioning," and "At hearing she was alert and oriented." Tr. 25. The ALJ also asserts "Dr. Kensicki put her on Lexapro which seems adequately to control depression." Tr. 25. Unfortunately, the ALJ does not point to any medical evidence indicating that her depression is controlled by Lexapro, and again seems to be relying on his own assessment.

The Court concludes that the ALJ committed errors of law in the weight accorded to the opinions of treating and examining physicians. Accordingly, this matter will be remanded for a new hearing before a different Administrative Law Judge.